IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DALTON L. PAGE PLAINTIFF

v. Civil No. 2:26-cv-02094-CDC

DEPUTY YARBERRY DEFENDANT

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, the case will automatically be reassigned to a district court judge and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3). The case is before the Court on Plaintiff's failure to obey an order of the Court.

## I. DISCUSSION

Plaintiff, who is proceeding *pro se*, filed his Complaint on June 22, 2026. *See* ECF No. 1. On that same day, this Court entered an Order directing him to either file a completed application to proceed *in forma pauperis* or to pay the filing fee by no later than July 6, 2026. The mailing of that Order to Plaintiff was returned as undeliverable, *see* ECF No. 6, but Plaintiff never provided any updated address at which he could be contacted as required by Local Rule 5.5(c)(2). So on July 17, 2026, the Court entered an Order directing Plaintiff to show cause for his failure to obey the previous Order, giving him a deadline of August 7, 2026, by which to do so, and warning that if he missed this deadline then "this case shall be subject to dismissal." *See* ECF No. 7. On July 27, 2026, after independently learning Plaintiff's new address, the Court resent a copy of the Show

Cause Order and all previous filings to Plaintiff's new address. *See* ECF No. 9. That last mailing was never returned as undeliverable. However, Plaintiff still has not filed any response to any of this Court's orders. His deadline to show cause has passed by well more than ten days (which is the amount of time between when the Show Cause Order was initially entered and when it was successfully mailed to Plaintiff).

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, to prosecute or defend the action diligently, and to promptly notify the Clerk and the other parties to the proceedings of any change in their address.

## II. CONCLUSION

Accordingly, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b), based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **26th day of August 2026**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE